UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MELANIE LEGEND,

                        Plaintiff,

        -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") ROBERT HESTERHAGEN
(Shield #7727), P.O. GARY LEITE (Shield #27464), and
Sergeant MICHAEL DICECCO (Shield #3303),
in their individual capacities,

                        Defendants.
-------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 17-CV-2159

Plaintiff Melanie Legend, through her attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for her complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Melanie Legend's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, assaulted, and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of her constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Ms. Legend filed a timely Notice of Claim with the New York City Comptroller on or about July 21, 2016. Thus, this Court has supplemental jurisdiction over Ms. Legend's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Ms. Legend's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff Melanie Legend is and was at all times relevant to this action, a resident of Richmond County in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department Officer ("P.O.") Robert Hesterhagen (Shield #7727) ("Hesterhagen"), P.O. Gary Leite (Shield #27464) ("Leite"), Sergeant ("Sgt.") Michael Dicecco (Shield #3303) ("Dicecco"), (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

16. On April 21, 2016, at approximately 11:00 p.m., Melanie Legend left a store located near her apartment in Richmond County in the State of New York.

17. Ms. Legend was approached by an unmarked vehicle.

18. The unmarked vehicle stopped and P.O. Hesterhagen, P.O. Leite, and Sgt. Dicecco exited the vehicle and approached Ms. Legend.

3

19. The individual defendants demanded Ms. Legend's identification, which she produced to them.

20. The individual defendants then demanded Ms. Legend provide them with her "real" name.

21. The individual defendants searched Ms. Legend's person, lifting up her shirt and pulling down her pants on the public street.

22. The individual defendants made derogatory comments to Ms. Legend for her identity as a transgender woman, including commenting on her breasts, her genitals, and her undergarments.

23. A warrant check returned no outstanding warrants and Ms. Legend was allowed to depart.

24. When Ms. Legend asked the individual defendants for a badge number, they did not provide a badge number and instead one officer pulled out his handcuffs in a threatening manner and informed Ms. Legend that he would be watching her.

25. As a result of the stop and search, Ms. Legend experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
*(Against the individual defendants)*

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of her rights, privileges and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of her person; (b) freedom from arrest without probable cause; (c)

freedom from false imprisonment; (d) freedom from the use of excessive force; and (e) failure to intervene to prevent the complained of conduct.

28. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, injury, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM**
**<u>LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983</u>**
***(Against defendant the City of New York)***

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

31. At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

32. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, maliciously prosecuted plaintiff, and abused process.

36. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

38. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

39. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

42. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

43. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable,

prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

45. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

47. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### SIXTH CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against the City of New York)*

48. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

49. The conduct of the individual defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

50. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

51. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

52. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## EIGHT CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

54. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

55. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## NINTH CLAIM FOR RELIEF
## UNCONSTITUIONAL SEARCH AND SEIZURE
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

57. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. By the actions described above, the individual defendants caused the unlawful search and seizure of plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

59. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

61. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM FOR RELIEF
## UNLAWFUL DISCRIMINATION
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

62. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. By the actions described above, namely in seizing and searching plaintiff, and subjecting plaintiff to degrading actions and speech, without reasonable suspicion or probable cause, based solely on her gender identity and sexual orientation, the individual defendants discriminated against plaintiff and denied her equal protection under the law.

64. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

66. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### ELEVENTH CLAIM FOR RELIEF
### UNLAWFUL DISCRIMINATION
### UNDER THE LAWS OF THE CITY OF NEW YORK
*(Against all defendants)*

67. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. By the actions described above, namely in seizing, assaulting and searching plaintiff, and subjecting plaintiff to degrading actions and speech, without reasonable suspicion or probable cause that she had committed a crime, and based solely on her gender identity and sexual orientation as those terms are defined in Title 8 of the New York City Administrative

Code § 8-101 *et seq.*, the individual defendants discriminated against plaintiff and denied her equal protection under the law.

69. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

71. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### TWELTH CLAIM FOR RELIEF
### BIAS-BASED PROFILING
### UNDER THE LAWS OF THE CITY OF NEW YORK
### (*Against all defendants*)

72. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

73. In seizing, assaulting and searching based on her actual and/or perceived sexual orientation or gender identity rather than Ms. Legend's conduct or other information linking her to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

74. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as

NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

75. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## JURY DEMAND

76. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That she be awarded punitive damages against the individual defendants; and

c. That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
April 10, 2017

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507