# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE, PH/26ᵀᴴ FLOOR

### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
◊NEW JERSEY

REF:
   **970000.03000**
WRITER'S DIRECT DIAL:
   **212-277-5824**

**VIA ECF ONLY**                                    February 15, 2018

Hon. Judge Vera M. Scanlon
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:**   *Melanie Legend v. City of New York, et al.*
>             **17-CV-2159 (NGG)(VMS)**_____

Your Honor:

I represent plaintiff in the above-referenced matter. I write to request a pre-motion conference to address the parties' ongoing dispute as to whether the settlement agreement reached in principle should move forward without provision of a W9, be renegotiated, or whether settlement cannot be reached and discovery should move forward as previously ordered.

## Factual Background

By means of background, this case was brought under 42 U.S.C. § 1983 and arose from the April 21, 2016 false arrest, invasive search, and assault of plaintiff. On January 17, 2018 the parties attended a settlement conference before Your Honor at which substantive progress was made. See Minute Entry. The Court also set deadlines for ongoing discovery, including defendants' production of photo arrays, disciplinary indices, and phone records for the individual defendants.  See Docket Entry No. 31. The Court directed the parties to submit letters to the Court on February 5, 2018 concerning any disputes over the disciplinary records production.  Id.

Shortly thereafter the parties reach a settlement in principle. On January 19, 2018, defendants provided settlement documents to plaintiff: (a) Stipulation and Order of Dismissal; (b) Stipulation of Settlement; (c) General Release; (d) Plaintiff's Affidavit of Status of Liens; and

Hon. Vera M. Scanlon
February 15, 2017
Page 2

(e) W-9 titled "Vendor" (to be completed by counsel for plaintiff). These documents also comprised the exhaustive universe of settlement documents historically required in global settlements reached in § 1983 cases. Defense counsel's January 19, 2018 email also stated: "Also note that the comptroller's office is requiring a W-9 for the plaintiff and plaintiff's firm."  See Exhibit A.  By email dated January 20, 2018, plaintiff's counsel stated: "We will not be providing a W9 for the plaintiff, but will as usual provide it for our lawfirm." See Exhibit B. Plaintiff received no reply.

Plaintiff executed the documents provided by defendants, and produced the executed version to defendants on February 1, 2018, at which time plaintiff's counsel again reiterated: "It's our understanding that the attached paperwork completes our settlement obligations, and that this settlement was not reached with any contemplation of a W9 requirement for the plaintiff." See Exhibit C.

The parties then engaged in a lengthy back and forth by email.  As production and our discovery related letters were otherwise due on February 5th, plaintiff made clear that the settlement paperwork should not be filed unless it was agreed that the W9 would not be required for plaintiff.  Instead, the parties agreed to submit a letter alerting the Court to the settlement in principle, and that additional time was needed to resolve the W9 issue.  After plaintiff agreed to defendants' letter, and that letter was filed, plaintiff attempted to resolve the W9 issue with defendants by requesting a check made out only to our law firm, thereby precluding any need for defendants to obtain a W9 for plaintiff. As the firm would be the sole payee, no W9 is required.

Unfortunately, shortly after defendants filed the letter, they informed plaintiff that they would not in fact negotiate the issue and subsequently refused to even discuss the matter by phone. Plaintiff has not received a return call from defendants since providing the executed settlement documents on February 1st.  Additionally, no appropriate W9 for the plaintiff has been produced by defendants at any time. The W9 provided to plaintiff with the settlement paperwork was titled "Vendor" and was that historically executed by law firms.  See Exhibit A.

Further, Defendants have not provided any indication to plaintiff whether they intend to use the W9 that they now demand to report taxable income to the Internal Revenue Service.[1] Nor have defendants provided to plaintiff any explanation for their retroactive demand for a W9, reasonable or otherwise. The alleged change in Comptroller policy does not appear to extend to § 1983 cases filed in state court,[2] was never announced with an effective date, and appears more

---

[1] Without clear guidance on this point, plaintiffs across many cases are unable to actually utilize the funds they receive for fear that the IRS will a year later demand payment of an unanticipated sum that such plaintiffs neither have the resources to pay nor the resources to fight, where the IRS determination is erroneously based on misinformation provided by the New York City Law Department.

[2] While settlement agreements reached in cases are to some extent particular to their own set of facts and negotiations, plaintiff is aware that the retroactive W9 requirement is presently before other Courts in the Southern and Eastern Districts.

Hon. Vera M. Scanlon
February 15, 2017
Page 3

likely to be an attempt by the Special Federal Litigation division of the New York City Law Department to obtain information protected by attorney-client and work-product privileges.

Plaintiff respectfully requests the Court schedule a conference to determine whether the settlement agreement reached and executed without the W9 is enforceable, and to compel defendant the City of New York's performance on that agreement, or alternatively whether no agreement is enforceable and discovery should move forward. While we contacted opposing counsel on February 13th to propose this conference, we have not received any response from defendants and therefore cannot report their position on the matter. Additionally, for the ease of future scheduling, I will be out of the office February 17th through February 23rd.

Plaintiff apologizes to the Court for any inconvenience. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Gillian Cassell-Stiga